IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                      RESPONDENT

v.                                        No. 1:10-cr-10019
                                          No. 1:12-cv-1095

BILLY WAYNE SMITH                                                                                   MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 31) filed herein by **BILLY WAYNE SMITH**, (hereinafter referred to as "Smith") an inmate confined in the McDowell Federal Correctional Institution, Welch, West Virginia. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 34. Smith was appointed counsel by this Court and has replied (ECF No. 46) to that Response. The matter is ready for decision.

1. **Procedural Background**:

Smith was named in five-count Indictment returned by the Grand Jury for the Western District of Arkansas on September 20, 2010. ECF No. 1. Counts 1, 3, 4, and 5 of the Indictment charged Smith with distributing crack cocaine. Count 2 of the Indictment charged Smith with distributing more than 5 grams of crack cocaine. On November 3, 2011, Smith appeared before the Honorable Harry F. Barnes for arraignment. Attorney Allen P. Roberts was appointed to represent Smith. Smith entered not guilty pleas as to all counts against him. ECF No. 5.

-1-

On March 21, 2011, Mr. Roberts filed a Motion to Withdraw as Attorney. ECF No. 19. The motion stated that Attorney William A. McLean had agreed to accept appointment to represent Smith. The Court granted Mr. Roberts' Motion to Withdraw as Attorney on April 6, 2011 and appointed William A. McLean to represent Smith. ECF No. 24.

On April 7, 2011, Smith and his counsel appeared before U.S. District Judge Harry F. Barnes for a change of plea hearing. ECF No. 22. Smith entered a plea of guilty to Count Two of the Indictment pursuant to a Plea Agreement with the Government. ECF No. 23. The Plea Agreement provided that Smith knowingly and voluntarily agreed and understood that he, among other waivers, "waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a)" and that he "waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, **except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver**." ECF No. 23 (emphasis added).

Judge Barnes also reviewed the plea agreement with Smith. ECF No. 45. Judge Barnes specifically reviewed the possible punishment with Smith. ECF No. 45 p. 4-5. The Court also explained the application of the United States Sentencing Guidelines (USSG) to Smith. ECF No. 45 p. 6-7. Smith was advised by the Government the plea agreement contained a waiver of his appellate rights. ECF No. 45 p. 9. Judge Barnes asked Smith if he had read the plea agreement and if anyone had forced him to sign the plea agreement. Smith replied "No, sir." ECF No. 45 p. 10. Smith thereafter entered a guilty plea and the Court accepted his plea.

Judge Barnes then ordered a presentence investigation report ("PSR") prepared. ECF No. 22. The United States Probation Office prepared a PSR (ECF No. 28) and the matter was set for

sentencing. The PSR, using the United States Sentencing Guidelines, found a base offense level of 34. Smith received a 3-point reduction for acceptance of responsibility for a total offense level of 31. His criminal history category was VI which resulted in a guideline range of 188-235 months.

On October 3, 2011, Smith appeared before Judge Barnes for sentencing. The Government filed a sealed motion, and the Court granted the motion giving Smith a two-level reduction in his total offense level. This resulted in a total offense level of 29 with a criminal history category VI, and sentencing range of 151-188 months. The Court sentenced Smith to 151 months imprisonment, 5 years supervised release and a $100 special assessment. The remaining counts of the Indictment were dismissed.

2. **Instant Petition**:

Smith filed a timely Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 on August 27, 2012. ECF No. 31. The Court directed the Government to file a response, and the Government filed its Response on October 12, 2012 ECF No. 34.

In his Motion, Smith asserts three (3) grounds for setting aside the sentence imposed in this case:

> a. Trial counsel was ineffective for failing to file a notice of appeal;
>
> b. Trial counsel was ineffective for failing to object to the career offender enhancement; and
>
> c. The sentence should be vacated in light of decisions of the United States Supreme Court in *Dorsey v. United States* and *Hill v. United States* which were decided after his conviction.

The Government contends Smith waived any right to appeal and thus was not prejudiced by any alleged failure to file a notice of appeal. The Government also argues Smith was properly

determined to be a career offender and he waived any right to file a § 2255 motion to attack his sentence.

**3. Discussion**:

A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (citations omitted). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The role of a § 2255 motion is clear:

> Section § 2255 . . . provides that a prisoner in custody under sentence of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence." The statute states four grounds upon which such relief may be claimed: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

*United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992) (*citing Hill v. United States*, 368 U.S. 424, 426-427 (1962)).

**a. Ineffective Assistance of Counsel**: Smith raises two grounds of alleged ineffective assistance of counsel. First, he claims trial counsel was ineffective for failing to file a notice of appeal. Second, he claims trial counsel was ineffective for failing to object to the career offender enhancement applied by the Court at sentencing. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." *U.S. Const. Amend. VI*. This "assistance" must be

"effective" to comply with the Sixth Amendment. In this case, Smith asserts that his trial counsel was ineffective in the two particulars set out above. In order to prevail on an ineffective assistance of counsel claim, a movant must show that (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence," and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009)(quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)).

When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Assuming that counsel's performance is found deficient, the second element, prejudice to the defense, requires a "reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." *Toledo* 581 F.3d at. 680 (quoting *Garrett*, 78 F.3d at 1301). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S. 648, 658 (1984)). The Court must consider the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *See Strickland*, 466 U.S. at 690.

**i. Counsel's Failure to File Notice of Appeal**:  Smith claims he "requested McClean to file a direct appeal" following his sentencing. ECF No. 32, p.14. He further claims no appeal notice was filed and in fact the Court's docket shows no notice of appeal ever being filed. In his response to the Government's reply, he asserts that "prejudice is presumed with no further showing on the merits" if trial counsel fails to file a notice of appeal as instructed. Smith acknowledges his plea

agreement contains a waiver of all appellate rights, with a narrow exception relating to validity of the guilty plea or the waiver itself.  He asserts that despite signing a plea agreement with a waiver of appellate rights and being informed at the change of plea hearing of his waiver of appellate rights, the trial court's informing him at the conclusion of the hearing that any notice of appeal had to be filed within ten (10) days makes the appeal waiver inapplicable to him.  Smith states he wanted to appeal to contest the career offender enhancement.

The Government responds to this allegation by asserting Smith had waived his appeallate and post-conviction rights.  The Government also filed the affidavit of Smith's trial counsel which states counsel has no recollection of Smith ever requesting that notice of appeal be filed.  ECF No. 47-1.  Further, trial counsel states a review of his file revealed no written request from Smith or other indicia Smith actually requested that an appeal notice be filed.  Finally, counsel states his belief that a notice of appeal could have jeopardized Smith's hopes for a sentence reduction in the future.  ECF No. 47-1.

Typically, a defendant claiming ineffective assistance of counsel must show both deficient performance by his counsel and actual prejudice to his defense. *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009). However, "an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (citations omitted).   The defendant bears the burden of showing he requested an appeal.  *See id.*  "A bare assertion by the petitioner that he made a request **is not by itself sufficient to support a grant of relief**, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.* (emphasis added)  For a claim of ineffective

assistance of counsel by failure to file a notice of appeal to succeed, the defendant must show that he manifested a desire to appeal his conviction and sentence. *See Barger*, 204 F.3d at 1182, *see also United States v. Luke*, 686 F.3d 600, 606 (8th Cir. 2012) ("While actual prejudice is not required, the attorney must have been aware of the client's desire to appeal.").

In this case, Smith makes the "bare assertion" in an affidavit he requested an appeal. He offers no evidence or information in support of this assertion. On the other hand, the Government offers the affidavit of Smith's trial counsel. Trial counsel says he has no recollection of any request to appeal, that his file shows no record of either an oral or written request to appeal, and that any appeal taken would have likely prejudiced Smith in any event. The Court finds trial counsel's sworn statement to be credible. Accordingly, the Court finds Smith has failed to demonstrate his trial counsel was aware of his claimed request to appeal, and his bare assertion to the contrary is not sufficient to support a grant of relief in this case. Further, because Smith has only made a "bare assertion" of his instruction to counsel, no evidentiary hearing is required.[1]

Additionally, the Government also asserts Smith, through his plea agreement, waived his right to appeal and raise the foregoing issue in any event. Plea agreements are contracts between the government and the defendant. *See United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003). A defendant may waive any right to appeal in a plea agreement. *See id*. So long as a plea agreement and included waiver are done knowingly and voluntarily, such waivers are enforceable. *See United States v. Lumpkins*, 687 F.3d 1011, 1015 (8th Cir. 2012). Further, the Eighth Circuit has held, in the

---

[1] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984)*.

face of a valid appellate rights wavier, any sentence which does not exceed the statutory maximum is not subject to appeal.

> We wish to make clear that the illegal sentence exception to the general enforceability of an appeal waiver is an extremely narrow exception. Any sentence imposed within the statutory range is not subject to appeal. **Specifically, an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver**.

*United States v. Andis*, 333 F.3d 886, 892 (8th Cir. 2003)(emphasis added). Other circuits have made the same determination. *See, e.g., United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000) ("an express waiver of [a defendant's] right to appeal, which was knowing and voluntary, [precludes] an appeal based on [a] claim that [a] district court misapplied the Guidelines."); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir.1998) (dismissing the defendant's appeal of the base offense level used by the district court in determining his sentence, because he had waived his appellate rights); *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.1997) ("an improper application of the guidelines is not a reason to invalidate a knowing and voluntary waiver of appeal rights.").

Here Smith acknowledged reading and signing the plea agreement. ECF No. 45 p. 2-3. The plea agreement was explained and summarized at the change of plea hearing by the Assistant United States Attorney. ECF No. 45 p. 8-10. Judge Barnes then engaged in the following exchange with Smith and his counsel regarding the plea agreement:

**Court**: Any objection, or any questions?

**Mr. McClean**: No, sir.

**Court**: Now, Mr. Smith, has anybody forced you to sign that?

**Smith**: No, sir.

**Court**: Is that your signature on it?

**Smith**: Yes, sir, now it is.

**Court**: And you've had it explained to you?

**Smith**: Yes, sir.

**Court**: Anybody put any pressure on you to do this?

**Smith**: No, sir.

**Court**: This is your own free will?

**Smith**: Yes, sir.

. . .

**Court**: Okay, Do you have any questions to the court on any of this?

**Smith**: No, sir.

It is clear Smith knowingly and voluntarily waives his appellate rights, except for the right appeal a sentence in excess of the statutory maximum. Jude Barnes sentenced Smith well below the statutory maximum in this case. Because his waiver of appellate rights was knowing and voluntary Smith would have been foreclosed from raising the issue above on appeal. *See Andis,* 333 F.3d at 890.

**ii. Failure to Object to the Career Offender Enhancement**: Smith next claims his trial counsel was ineffective for failing to object to a career offender enhancement applied to his case at sentencing. Smith admits he had three prior felony drug convictions but asserts only one of these three convictions met the definition of a controlled substance offense for career offender purposes. Specifically, he asserts a conviction for delivery of a controlled substance in 1993 does not meet the

definition as he sold an actual rock he picked up off the ground rather than a rock of cocaine base to an undercover officer.

 The career offender provision of the USSG provides in relevant part:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (**or a counterfeit substance**) or the possession of a controlled substance (**or a counterfeit substance**) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2 (emphasis added). He asserts the Eighth Circuit, in *United States v. Robertson*, 474 F.3d 538 (8th Cir. 2007), has defined "counterfeit substance" as having two essential elements (1) made in imitation of a controlled substance and (2) distributed with intent to deceive. *Robertson* did reach this "general conclusion" in its particular facts, quoting the definition of "counterfeit" from Merriam–Webster's Collegiate Dictionary 285 (11th ed. 2005). *See id* at 541. However, the *Robertson* Court also quoted with approval Black's Law Dictionary 376 (8th ed. 2004) definition of counterfeit as "to unlawfully forge, copy or imitate an item ... or to possess such an item without authorization and with the intent to deceive or defraud by presenting the item as genuine." *Id*.

 Here, Smith was convicted of delivery of a counterfeit substance in Arkansas State Court in 1993. Arkansas law defines "counterfeit substance" as follows:

> (6)(A) "Counterfeit substance" means a noncontrolled substance, that by overall dosage unit appearance including color, shape, size, markings, packaging, labeling, and overall appearance or upon the basis of representations made to the recipient, purports to be a controlled substance or to have the physical or psychological effect associated with a controlled substance.
>
> (B) In determining whether a substance is a "counterfeit substance", the following factors shall be utilized and a finding of any two (2) of these factors constitutes prima facie evidence that the substance is a "counterfeit substance":

> (i) A statement made by an owner or by anyone else in control of the substance concerning the nature of the substance, its use, or effect;
>
> (ii) The physical appearance of the finished product containing the noncontrolled substance is substantially the same as that of a specific controlled substance;
>
> (iii) The noncontrolled substance is unpackaged or is packaged in a manner normally used for the illegal delivery of a controlled substance;
>
> . . .

Ark. Code Ann. § 5-64-101 (2007). Smith admits his conviction in 1993 was his intentional sale of an actual rock to an undercover police officer. He admits he intended to deceive the officer into believing he was selling a controlled substance. These actions fit squarely within the definition of a "counterfeit substance" under the Arkansas law above. This Court finds trial counsel's failure to object to this conviction as a qualifying conviction under the USSG's career offender provision was not objectively unreasonable and falls within the "strong presumption that counsel's conduct [is] within the wide range of professionally reasonable assistance." *Strickland*, 466 U.S. at 689.

Further, as noted above, Smith waived his right to appeal at the time he entered his plea of guilty to Count 2. Because this waiver of appellate rights was knowing and voluntary Smith would have been foreclosed from raising this issue on appeal as well. *See Andis*, 333 F.3d at 890.

**c. *Dorsey v. United States***: Finally, Smith claims his sentence should be vacated in light of the United States Supreme Court decisions in *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2312 (2012). *Dorsey* held the more lenient penalties of the Fair Sentencing Act (FSA), which reduced the crack-to-powder cocaine disparity, applied to those offenders whose crimes preceded the effective date of the Act, but who were sentenced after that date. The Government agrees *Dorsey* is retroactively applicable to Smith's case. However, it argues it makes no difference in the USSG

sentence calculation because of the amount of drugs, stipulated to by Smith, found by the PSR and adopted by the Court to be relevant conduct. Smith contends he was indicted for only 9.1 grams of crack cocaine rather than the relevant conduct amount of at least 840 grams but less than 2,800 grams which was part of the parties' stipulation at the change of plea hearing. Paragraph 10 of the Plea Agreement clearly sets out this stipulation and in fact stipulates that the base offense level pursuant to the USSG should be 34.

Finally, the Government agrees *Dorsey* would act to reduce the base offense level from 34 to 32 based on his career offender status. However, because of the stipulated drug amounts of 840 grams to 2,800 grams, the base offense level would have remained 34. *Dorsey*, while applicable to Smith's case, affords him no relief in this circumstance.

**4. Recommendation**:

Accordingly, based on the foregoing, it is recommended the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 31) be denied and dismissed.[2] Further, pursuant to *28 U.S.C. §1915(a),* I recommend finding that an appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

---

[2] No evidentiary hearing is required in this case. *See Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).*

**DATED** this **31st day of July 2013.**

                                          /s/ Barry A. Bryant
                                          HON. BARRY A. BRYANT
                                          U.S. MAGISTRATE JUDGE