IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                                       Case No. 1:10-cr-10019
                                         Case No. 1:12-cv-1095

BILLY WAYNE SMITH                                                                DEFENDANTS

## ORDER

      Before the Court is the Report and Recommendation filed July 31, 2013, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 48). Judge Bryant recommends that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be denied and dismissed. He also recommends finding that an appeal would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a). The Defendant filed objections to the Report and Recommendation. (ECF No. 50). The Court finds this matter ripe for its consideration.

      The Defendant was charged with distributing crack cocaine. (ECF No. 1). He was appointed an attorney and entered not guilty pleas to all five counts against him. (ECF No. 5). The Defendant then changed his plea on Count Two of the Indictment pursuant to a Plea Agreement he entered into with the Government. (ECF No. 23). In that Plea Agreement, Defendant agreed that he "waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a)" and that he "waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." (ECF No. 23). Defendant was thereafter sentenced to 151 months imprisonment, 5 years supervised release, and a $100 special assessment. The remaining counts of the indictment were dismissed.

      Smith then filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 31), asserting that (1) trial counsel was ineffective for failing to file a notice of appeal;

(2) trial counsel was ineffective for failing to object to the career offender enhancement; and (3) the sentence should be vacated in light of two recent cases from the United States Supreme Court. Judge Bryant recommends that the motion be denied, and Defendant objects on two grounds.

Defendant first argues that Judge Bryant erred in requiring Defendant to prove that his appeal would have succeeded. However, Judge Bryant's Report and Recommendation does not require Defendant to prove that his appeal would have been successful. Instead, Judge Bryant states the accurate standard that Defendant's bare assertion that he requested his attorney to appeal is insufficient to overcome the credible sworn statement of his attorney. Moreover, Defendant was foreclosed from raising an appeal because of his voluntary waiver of an appeal.

Defendant next argues that he should have been granted a hearing when he claimed that his attorney failed to file the requested notice of appeal. However, "[a] federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316 (8th Cir. 1984). Because the dispute can be resolved on the basis of the record, the Defendant was not entitled to a hearing.

Therefore, the Court adopts the Report and Recommendation *in toto*. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 31) is hereby denied and dismissed. Further, the Court finds that, pursuant to 28 U.S.C. § 1915(a), an appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED**, this 3rd day of November, 2014.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge